**AFFIRMED; Opinion Filed June 25, 2014.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-12-00917-CR**

## MAXIMO MARTINEZ, Appellant
### V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F11-33935-Y

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

A jury convicted Maximo Martinez of felony driving while intoxicated and assessed punishment at thirty-five years' confinement. Martinez raises six issues on appeal, complaining the trial court improperly amended the indictment over his objection, the trial court made an improper comment on the weight of the evidence in response to a jury note during deliberations, and the evidence is legally insufficient to support the assessment of court costs.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Martinez's first four issues relate to the amendment of the indictment. The original indictment alleged Martinez committed DWI on or about February 25, 2011 and had two prior

DWI convictions from Dallas County, both dated October 23, 1985. Several months before trial, the State filed a motion to amend the indictment. The amendment sought to delete the two prior Dallas County DWI convictions, and replace them with two DWI convictions from Travis County, both dated December 20, 1990. The record does not indicate the motion was ruled on before trial.

Before voir dire and outside the presence of the jury panel, the State read the original indictment on the record and Martinez entered his plea of not guilty. After the jury was selected and sworn, the trial court recessed until the next day. The next morning, the court held a hearing outside the presence of the jury about whether defense counsel had received a copy of the motion to amend the indictment. Based on the certificate of service on the motion and after contacting the prosecutor who filed the motion to amend, the court denied a "motion"[1] and instructed the State to read the amended indictment to the jury. The prosecutor read the amended form of the indictment with the allegation of the two prior DWI convictions from Travis County. The defendant entered his plea of not guilty to the amended indictment without objecting to the amendment.

Martinez argues the indictment was not amended because there is no written order granting the motion to amend and the original indictment was never interlined with the amendment. The record indicates the trial court denied the defense motion, which apparently related to a lack of notice of the motion to amend, and then directed the State to read the amended indictment before the jury. The State did so and defendant entered his plea of not guilty before the jury. During a recess, the trial court stated a question had come up about whether he had signed or granted the motion to amend the indictment. The trial court expressly

---

[1] The record is unclear as to the exact nature of the motion denied. There is no written motion by the defense regarding the motion to amend the indictment. It appears the court was referring to an oral motion made off the record complaining of lack of notice of the motion to amend the indictment.

stated on the record that he granted the motion.

Physically interlineating the indictment is an acceptable, but nonexclusive, means of amending it. *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000).[2] *Riney* allows flexibility in amending indictments provided that the method of amendment employed produces an amended copy of the indictment incorporated into the record under the direction of the trial court sufficient to give the defendant fair notice of the charges. *See id.* at 565–66; *Harrison v. State*, No. 05-07-00453-CR, 2008 WL 2514333, at *1 (Tex. App.—Dallas June 25, 2008, no pet.) (not designated for publication) (trial court's order, affixed and incorporated into the State's motion containing the amended language, sufficed to meet the objectives for an amendment laid out in *Riney*).

Here, the motion to amend includes the language to be deleted and the language to be added to the indictment. The trial court granted the motion to amend on the record and expressly directed the State to read the amended indictment to the jury, thereby incorporating it into the record. *See Perez*, 2014 WL 1909500, at *3–4; *see also* TEX. CODE CRIM. PROC. ANN. art. 28.11 (West 2006). We conclude the indictment was effectively amended. We overrule appellant's first issue.

Martinez next contends the trial court erred by allowing the amendment after the beginning of trial over his objection. Amendment of an indictment is governed by articles 28.10 and 28.11 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 28.10, 28.11. The court of criminal appeals has held that under the language of article 28.10(b) a defendant has "an absolute veto power over proposed amendments after trial on the merits has

---

[2] The court of criminal appeals recently affirmed that interlineation or including a photocopy of the amended indictment in the record are not exclusive means of amending the indictment. *See Perez v. State*, No. PD-1380-13, 2014 WL 1909500, at *3–4 (Tex. Crim. App. May 14, 2014) (State's written motion containing the amended language, written order signed by trial court granting amendment, reading of amended indictment into record before the jury, and entry of plea to the amended indictment as read satisfied requirements for amendment of indictment).

commenced." *Hillin v. State*, 808 S.W.2d 486, 489 (Tex. Crim. App. 1991) (plurality op.). This power is triggered when, after trial on the merits has commenced, the defendant makes a timely objection to the form or substance of the State's proposed amendment. *Id.* at 488.

In *Sodipo v. State*, 815 S.W.2d 551, 556 (Tex. Crim. App. 1990) (op. on reh'g), the court concluded that the State could not amend the charging instrument on the day of trial prior to commencing trial on the merits over the defendant's objection and that the error was not subject to a harm analysis. We have recognized that after the decision in *Sodipo*, the court of criminal appeals held that an amendment of an indictment in violation of article 28.10 is subject to a harm analysis. *See Dukes v. State*, 239 S.W.3d 444, 447 (Tex. App.—Dallas 2007, pet. ref'd) (discussing *Wright v. State*, 28 S.W.3d 526, 531–32 (Tex. Crim. App. 2000), *superseded on other grounds by statute*, TEX. CODE CRIM. PROC. ANN. art. 37.071 (West Supp. 2013), and *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997), *superseded on other grounds by rule*, TEX. R. APP. P. 44.2). In *Cain*, the court of criminal appeals held that except for certain structural federal constitutional errors, no error is "categorically immune to a harmless error analysis." *Cain*, 947 S.W.2d at 264.

Thus, we do not reverse for error under article 28.10 unless the record shows reversible error under TEX. R. APP. P. 44.2. Because a violation of article 28.10 is a statutory error, the appropriate harmless error standard is TEX. R. APP. P. 44.2(b). *Dukes*, 239 S.W.3d at 447. Any error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). To determine whether the error affected a substantial right, we consider whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial and whether prosecution under the amended indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Dukes*, 239 S.W.3d at 447.

The State concedes the actual amendment occurred after the commencement of trial, i.e.,

after the jury was sworn. The State contends, however, that Martinez did not timely object to the form or substance of the amendment. His only objection was that his counsel did not recall receiving the motion to amend.

The record does not reflect that Martinez objected to the form or substance of the amendment. The only discussion on the record was about whether defense counsel had received the motion to amend. The trial court clearly understood the complaint to be about notice. During the recess and after the amended indictment was read to the jury, the trial court said there was some question about whether he had signed the amended indictment or granted it. The court said the issue was notice, not whether he granted the amendment. He concluded, "I grant the amendment, but the issue is notice, not whether I granted it or not." We can only conclude from the record that defendant's complaint about the amendment was for lack of notice, not an objection to the form or substance of the amendment.

However, assuming Martinez objected to more than lack of notice of the motion, we conclude the error in amending the indictment did not affect his substantial rights. Martinez was charged with committing felony DWI on a certain date in Dallas County. The amendment to the indictment does not change the statutory offense charged. Nothing in the record suggests Martinez was not aware of or unable to prepare for evidence of the two prior DWI convictions from Travis County. The trial court expressly rejected defense counsel's objection to lack of notice of the motion to amend based on the certificate of service on the motion and a conversation with the prosecutor who signed the motion. In addition, the State listed the two prior Travis County convictions in its notice of extraneous offenses filed on February 8, 2012. Thus, the records indicates appellant had notice of the State's intent to prove the prior Travis County DWI convictions. Nor is there a risk that Martinez will be prosecuted later for the same offense of DWI. *See Dukes*, 239 S.W.3d at 447–48. The amendment merely changed the allegations regarding prior DWI convictions and did not change the offense with which Martinez

was charged. We conclude any error in amending the indictment did not affect Martinez's substantial rights. *See* Tᴇx. R. Aᴘᴘ. P. 44.2(b). We overrule appellant's second issue.

Next, Martinez argues the trial court should have granted his motion for directed verdict when the State failed to prove the two prior Dallas County convictions or that we should reform the judgment to reflect a conviction for the lesser included offense of misdemeanor DWI. Both arguments are premised on Martinez's contention that the indictment was not effectively amended and the original indictment remained effective. We have concluded the indictment was effectively amended and the amendment did not affect Martinez's substantial rights. Therefore, we reject both arguments. We overrule appellant's third and fourth issues.

In his fifth issue, Martinez contends the trial court commented on the weight of the evidence in its response to a jury note during deliberations on guilt or innocence.

The jury sent a note requesting the exhibits "regarding the two convictions in 1990" and saying, "We also do not understand how they occurred on the same day." The trial court proposed to tell the jury that "the allegations are that the cases were disposed of on the same day, not that they occurred on the same day." When asked if he had any objection, defense counsel said "Yes" and requested only an instruction that the jury had all the evidence before them and to continue their deliberations. The trial court denied the defense request.[3]

Martinez argues the trial court's instruction improperly commented on the weight of the evidence because the State had the burden to prove two prior convictions and its was disputed whether Martinez had one or two prior convictions. The State counters that the trial court merely gave a straightforward response to the jury's narrow and straightforward question about the prior convictions and did not comment on the weight of the evidence.

We agree with the State. The jury in its question singled out that there were two

---

[3] The actual jury notes and the trial court's written responses are not in the record.

convictions in 1990. *See Lucio v. State*, 353 S.W.3d 873, 877 (Tex. Crim. App. 2011) (concluding general rule that court may not single out particular evidence in jury instructions given before deliberations does not necessarily apply when court responds to jury question about a subject identified by the jury alone). The trial court's instruction was neutral and merely pointed out for the jury that the allegations were the cases were disposed of on the same day, not that the offenses occurred the same day. The trial court did not assume the allegations were true or give a personal estimation of the strength or credibility of the evidence supporting the allegations. We conclude the trial court did not improperly comment on the weight of the evidence. *See id.* (court's response did not covey personal estimation of strength or credibility of evidence, was neutral, and a correct statement of the applicable law); *Green v. State*, 912 S.W.2d 189, 193 (Tex. Crim. App. 1995) (narrow and straightforward answer responsive to narrow and straightforward question from jury was not an improper comment on the weight of the evidence). We overrule appellant's fifth issue.

Appellant's sixth issue contends the evidence is insufficient to support the amount of court costs in the judgment. The record before us contains a supplemental record containing the bill of costs. Appellant's complaint has been addressed and rejected. *See Johnson v. State*, 423 S.W.3d 385, 391–96 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's sixth issue.

We affirm the trial court's judgment.


/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
120917F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MAXIMO MARTINEZ, Appellant

No. 05-12-00917-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F11-33935-Y.
Opinion delivered by Justice Moseley.
Justices Francis and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of June, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE