**AFFIRMED and Opinion Filed January 27, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01195-CR

**APRIL SHONTEL FRANKS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-89041-2017**

## MEMORANDUM OPINION

Before Justices Bridges, Whitehill, and Nowell
Opinion by Justice Whitehill

The trial court convicted appellant of assault and sentenced her to 200 days in the county jail, but suspended the sentence and placed her on community supervision. In two issues with multiple subparts, appellant argues that (i) the trial court lacked jurisdiction because the amended information was not valid and (ii) the trial court violated the code of criminal procedure by not giving her ten days to prepare after the information was amended.

We conclude that the original information was valid and remained effective even if the amended information was not valid; therefore, the trial court had jurisdiction and the original information supports appellant's conviction. Regarding the lack of additional time to prepare, even if we assume the issue was preserved for our review, appellant was not harmed. The only difference between the original information and the date of the offense was the date on which the

offense occurred and this change did not affect appellant's substantial rights. Appellant's remaining issues were not preserved for appeal. Accordingly, we affirm the trial court's judgment.

## I. BACKGROUND

AC's friends were involved in an altercation on September 9, 2017. When AC attempted to stop the fight, appellant grabbed AC by the hair and struck her several times with appellant's hands.

Appellant was charged with assault. The information mistakenly alleged that the assault happened "on or about the 18th day of October, 2017." The State later moved to amend the information to state that the offense occurred "on or about the 9th day of September, 2017." The court granted that motion.

On the day of trial, appellant moved to quash the information alleging that: (i) the amended information was not signed by the District Attorney as TEX. CODE CRIM. PROC. art. 21.21 requires; (ii) the amended information lacked a supporting affidavit as TEX. CODE CRIM. PROC. art. 28.1 requires; (iii) her Fifth, Sixth, and Fourteenth Amendment rights were violated because she did not have sufficient notice "of the previous conviction;"[1] and (iv) the amended information was insufficient because it did not enable her to plead an acquittal or conviction in bar of future prosecutions. Following a hearing, the court ordered the case to proceed to trial on the amended information. When the trial concluded, the judge found appellant guilty of assault.

## II. ANALYSIS

**A. Did the trial court lack jurisdiction because the amended information was not valid?**

No, assuming any error with the amended information, the original information was valid and invoked the trial court's jurisdiction.

---

[1] No prior conviction was alleged in the original or amended information or for enhancement purposes.

Appellant's second issue argues that the amended information did not comply with the Code of Criminal Procedure's requirements for a valid information. Specifically, she argues that the amended information was not signed by the District Attorney and was not properly presented.

But we need not consider whether the information was properly amended because even if it was not, the original information remained effective. *See Hendricks v. State*, No. 06-11-00037-CR, 2011 WL 3612276, at \*2 (Tex. App.—Texarkana Aug. 8, 2011, pet. ref'd). And the presentment of an information to the trial court invests that court with jurisdiction over the defendant, regardless of any defect that might exist in the underlying complaint. TEX. CONST. art. V, § 12(b); *Aguilar v. State*, 846 S.W.2d 318, 320 (Tex. Crim. App. 1993). The State's presentment of the information, which appears in the clerk's record, therefore vested the trial court with jurisdiction in this case. *Aguilar*, 846 S.W.2d at 320.

A valid information must meet these requirements:

1. It shall commence, "In the name and by authority of the State of Texas;"

2. That it appear to have been presented in a court having jurisdiction of the offense set forth;

3. That it appear to have been presented by the proper officer;

4. That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him;

5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed;

6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation;

7. That the offense be set forth in plain and intelligible words;

8. That it conclude, "Against the peace and dignity of the State;" and

9. It must be signed by the district or county attorney, officially.

TEX. CODE CRIM. PROC. art. 21.21. Appellant does not challenge the original information's validity, and it comports with article 21.21's requirements.

–3–

The date alleged in the original information also presents no error because the assault happened before that date. Although the trial evidence showed that the offense occurred on September 9, 2017, the "on or about" language allows the State to prove a date other than the one alleged in the instrument as long as the date is anterior to the presentment of the instrument and within the statutory limitation period. *See Santibanez v. State*, No. 05-18-00843-CR, 2019 WL 5615150 at *2 (Tex. App.—Dallas 2019, no pet.) (*citing Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997).

The original information, filed on December 14, 2017, alleged that the offense occurred on or about October 18, 2017, which predated when the information was presented and was within the two year statute of limitations for assault. *See* TEX. CODE CRIM. PROC. ANN. art. 12.02(a).

Therefore, even if the amended information were not valid, any error was harmless. The original information was valid, vested the trial court with jurisdiction, and is sufficient to support appellant's conviction. We resolve appellant's second issue against her.

**B.      Was appellant harmed by the court's denial of additional time to prepare?**

No. Assuming error, appellant has not shown how denying her ten more days to prepare caused her some harm.

Appellant's first issue argues that the trial court erred by not complying with the Code of Criminal Procedure's notice requirements following amendment of the information.[2] Specifically, appellant argues that the court violated article 28.10, which provides:

> After notice to the Defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant

---

[2] Appellant's first issue also references that the amended charge was not filed, that "appellant has not been noticed as to the amend [sic] charge," that the amended information was not properly filed or presented to the judge, the State failed to comply with the judge's order on amendment, and the appellant was not arraigned. These arguments are not adequately briefed and were not preserved for our review. *See* TEX. R. APP. P. 33.1, 38.1.

–4–

not less than 10 days or shorter period if requested by the defendant, to respond to the amended indictment or information.

TEX. CODE CRIM. PROC. art. 28.10.

Appellant's written motion complained only that the amended information required a supporting affidavit and she did not argue at the hearing that she needed more time to prepare. Instead, she told the court that additional time was needed so that the District Attorney could sign the amended information and the State could obtain a new probable cause affidavit. Nonetheless, giving appellant every benefit of the doubt concerning preservation of the alleged error, we conclude that any error was harmless.

An article 28.10 violation is non-constitutional error subject to TEX. R. APP. P. 44.2(b) harm analysis. Accordingly, we do not reverse unless the error affected appellant's substantial rights. *Dukes v. State*, 239 S.W.3d 444, 447 (Tex. App.—Dallas 2007, pet. ref'd). To determine whether appellant's substantial rights were affected, we must determine whether the information as written sufficiently informed her of the charges against her so she could prepare an adequate trial defense and whether it would subject her to the risk of being prosecuted later for the same crime. *Id.*

Here, the date on which the offense occurred is the only difference between the amended information and the original information. The original information alleged that the offense occurred on or about October 18, 2017. The amended information alleged that it occurred on or about September 9, 2007. Appellant does not explain how this difference impacted her defense or would allow her to be tried twice for the same offense.

In fact, the record demonstrates that the offense date was not an issue. Rather, appellant's defensive strategy was that she had a heightened sense of threat resulting from historical domestic abuse. She also questioned witnesses about the circumstances of the offense. Nothing in the record suggests that this strategy would have differed had she been afforded additional time to prepare.

The record also does not demonstrate that appellant is in any danger of being prosecuted again for the same offense. As we have noted, the State was not required to prove that the offense occurred on a specific date. *See Sledge*, 935 S.W.2d at 255–56. Therefore, changing the date in the information did not expose appellant to the risk of being prosecuted again for the same offense.

Under these circumstances, we conclude that appellant's substantial rights were not affected by not having additional time to prepare after the information was amended. Appellant's first issue is resolved against her.

### III. CONCLUSION

Having resolved all of appellant's issues against her, we affirm the trial court's judgment.

/Bill Whitehill/

BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2 (b)
181195F.U05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

APRIL SHONTEL FRANKS, Appellant

No. 05-18-01195-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-89041-2017.
Opinion delivered by Justice Whitehill.
Justices Bridges and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 27, 2020