**Affirmed and Opinion Filed July 22, 2022**

# S

**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00121-CR**

**TORREY LADARIUS GRAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-76009-Q**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Osborne

Appellant Torrey Ladarius Gray was indicted for the first degree felony offense of aggravated assault of a public servant. TEX. PENAL CODE § 22.02. The trial court accepted appellant's open plea of guilty, found appellant guilty beyond a reasonable doubt, made an affirmative finding that a deadly weapon (a firearm) was used, and sentenced appellant to twenty-five years' confinement.

After appellant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967), we concluded that there was at least one arguable ground for appeal. *Gray v. State*, No. 05-20-00121-CR, 2021 WL 3042667, at *2–3 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication). We

remanded the cause for appointment of new appellate counsel to "investigate the record and file a brief on behalf of appellant that addresses all plausible grounds for appeal." *Id.* at *3.

New counsel has been appointed and has filed a brief asserting that the trial court erred by granting the State's motion to amend the indictment filed four days after appellant was sentenced. Concluding that any error was not harmful, we affirm the trial court's judgment.

## BACKGROUND

The original July 26, 2019 indictment alleged that appellant committed the offense "on or about the 25th day of June, 2019." At the January 23, 2020, hearing on appellant's open plea, however, the State offered evidence showing the offenses at issue[1] occurred on May 9 and 10, 2019.

Dallas police officer Alan Hovis testified that on May 9, 2019, he responded to a complaint about drugs being sold from a car in a parking lot in Dallas County. The car's owner also had a felony warrant for burglary of a habitation. Hovis and his partner first found the car unoccupied, then found the car at a 7-11 on Skillman Street later the same evening. When Hovis approached the car, he noticed the occupants moving in a manner consistent with hiding things. Appellant was in the

---

[1] This case was tried together with cause number F19-54568-Q (aggravated robbery), and cause numbers F19-75964-Q, F19-76047-Q, and F19-76008-Q (aggravated assault against a public servant). Appellant's convictions in these cases have been affirmed on appeal. *Gray v. State*, Nos. 05-20-00117-CR, 05-20-00118-CR, 05-20-00119-CR, and 05-20-00120-CR, 2021 WL 3042673 at *1–2 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication).

driver's seat and at least two other people were in the car. The car's owner, Francise Coker, was inside the the 7-11, and the officers arrested him there.

As the officers left the store with Coker, the car's occupants fled to a nearby apartment complex. Hovis and his partner stood outside their squad car trying to search Coker and confirm the warrant when a shot was fired toward them. Other officers arrived at the 7-11, including officer Landon Cooksey, who also testified at the hearing. About 22 seconds after the first shot, four more shots were fired at the officers from the apartment complex where the car's occupants had fled. There were three sets of shots fired at the officers. Hovis's squad car was struck by a bullet and other damage was found later.

At trial, appellant testified that he fired one of the shots, and also admitted to holding the gun during a subsequent aggravated robbery and carjacking. Appellant was driving the stolen car when he was arrested.

Like the original indictment, appellant's judicial confession and the judgment of conviction reflect the date of offense as June 25, 2019. The judicial confession and the judgment of conviction are both dated January 23, 2020, the same date as the hearing.

On January 27, 2020, the State filed a motion to amend the indictment to "[r]eplace the 'on or about the 25th day of June, 2019' with 'on or about the 10th day of May, 2019.'" The motion recited that "defense counsel does not object to this change since this change does not change the charge on the indictment," and the

certificate of service reflects that a copy of the motion was emailed to "Attorney for the Defendant." The trial court signed an order granting the State's motion on January 27, 2020.

In our previous opinion, we noted several concerns regarding the State's motion: (1) it was filed by the State and granted by the trial court four days after the court had already sentenced appellant, (2) despite the recitation that defense counsel did not object, the motion was not signed by appellant, appellant's trial counsel, or appellant's appellate counsel, and (3) nothing in the record showed that appellant himself was notified of the State's motion. *See Gray*, 2021 WL 3042667, at *2.

In one issue, appellant contends the trial court erred by granting the State's motion to amend the indictment four days after appellant was sentenced. We review a trial court's decision to permit amendment of an indictment de novo. *See Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010) ("The sufficiency of a charging instrument presents a question of law.").

## DISCUSSION

Amendments to charging instruments are governed by code of criminal procedure article 28.10. TEX. CODE CRIM. PROC. art. 28.10. "A matter of form or substance in an indictment" may be "amended after the trial on the merits commences if the defendant does not object." TEX. CODE CRIM. PROC. art. 28.10(b). But an indictment "may not be amended over the defendant's objection as to form or substance" if it "charges the defendant with an additional or different offense" or

–4–

prejudices the defendant's "substantial rights." *Id.* art. 28.10(c). All amendments of an indictment "shall be made with the leave of the court and under its direction." *Id.* art. 28.11.

The code of criminal procedure also specifies the requisites of an indictment. TEX. CODE CRIM. PROC. art. 21.02. Section six of article 21.02 provides, "The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation." *Id.* art. 21.02, § 6. "It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).

Appellant contends the trial court erred by granting the motion to amend the indictment because "[n]othing in the record shows that Gray, his trial counsel, or his initial appellate counsel was given the opportunity to object to the State's untimely motion." He argues that the record does not reflect either approval by his counsel or personal notice to him. And he argues that article 28.10(b) does not specifically provide for amendment of an indictment after sentencing. Further, he contends the evidence admitted at trial shows that the date of the offense was May 9, 2019, not May 10, 2019, the date in the State's motion. He concludes that because the trial court erred by granting the motion to amend, the offense date in the judgment should not be changed to May 9, 2019, because the indictment and the judicial confession

presented to support his guilty plea show that the offense occurred on June 25, 2019, and the judgment should conform to those instruments. But he "acknowledges that the testimony at trial, and the judgments and judicial confessions in the other three aggravated assault/public servant cases, show that the offense occurred on May 9, 2019."

The State responds that even if the trial court erred by granting the State's motion and amending the indictment after appellant's sentencing, appellant's conviction should be affirmed because (1) the amendment did not harm appellant, and (2) the original indictment properly charged appellant and included a date within the applicable statute of limitations and anterior to presentment of the indictment. In *Dukes v. State*, 239 S.W.3d 444, 447 (Tex. App.—Dallas 2007, pet. ref'd), we explained that "we do not reverse for error under article 28.10 unless the record shows reversible error under rule 44.2," and error in amending an indictment on the day of trial over appellant's objection is statutory, not constitutional. Under appellate procedure rule 44.2, any statutory "error, defect, irregularity or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b); *Dukes*, 239 S.W.3d at 447.

"To determine whether the error affected a substantial right, we consider whether the [indictment], as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial and whether prosecution under the erroneous information would subject the defendant to the risk

of being prosecuted later for the same crime." *Dukes*, 239 S.W.3d at 447. "A charging instrument that tracks the language of a criminal statute generally possesses sufficient specificity to provide a defendant with notice of a charged offense." *Id.* at 448.

Appellant was charged with aggravated assault against a public servant "on or about the 25th day of June, 2019." The indictment, filed on July 26, 2019, provided:

> IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:
>
> The Grand Jury of Dallas County, State of Texas, duly organized at the July Term, A.D., 2019 of the 291st Judicial District Court for said County, upon its oath do present in and to said Court at said term,
>
> That TORREY LADARIUS GRAY, hereinafter called Defendant, on or about the 25th day of June, 2019 in the County of Dallas, State of Texas, did unlawfully then and there intentionally and knowingly threaten L. COOKSEY, hereinafter called complainant, with imminent bodily injury, and said defendant did use and exhibit a deadly weapon to-wit: FIREARM, during the commission of the assault, and said complainant was at the time of the offense a public servant, namely, a City of DALLAS Police Officer engaged in the lawful discharge of an official duty, and said defendant knew that complainant was a public servant,
>
> Against the peace and dignity of the State.

The indictment meets article 21.02's requirements, *see* TEX. CODE CRIM. PROC. art. 21.02, §§ 1–9, and appellant pleaded guilty to these charges.

The amendment did not change the statutory offense charged. *Cf.* TEX. CODE CRIM. PROC. art. 28.10(c) (indictment may not be amended over objection if it charges defendant with additional or different offense). Both the original date

alleged and the amended date were "anterior to the presentment of the indictment, and not so remote that the prosecution of the offense [was] barred by limitation." *See id.* art. 21.02, § 6. The record reflects that the indictment was filed on July 26, 2019, less than three months after the offense. As we have noted, the State was not required to prove that the offense occurred on a specific date. *See Sledge*, 935 S.W.2d at 255–56. Consequently, changing the date in the indictment did not expose appellant to the risk of being prosecuted again for the same offense, *see id.*, and nothing in the record suggests that appellant could not prepare for trial on the offense charged. Accordingly, we conclude that any error in amending the indictment was not harmful. *See Dukes*, 239 S.W.3d at 447. We decide appellant's issue against him.

## CONCLUSION

The trial court's judgment is affirmed.

200121f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

–8–

# S

## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

TORREY LADARIUS GRAY,
Appellant

No. 05-20-00121-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1976009-Q.
Opinion delivered by Justice
Osborne. Justices Schenck and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 22nd day of July, 2022.