**JOHNS–MANVILLE SALES CORPORATION, Appellant,**

v.

**HADEN COMPANY, INC., Appellee.**

· No. 17767.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 22, 1976.

Rehearing Denied Dec. 3, 1976.

Coke & Coke, and Thomas W. Craddock, Dallas, for appellant.

Vial, Hamilton, Koch, Tubb, Knox & Stradley, and James H. Baumgartner, Jr., Dallas, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by Johns-Manville Sales Corporation from an order overruling its plea of privilege to be sued in Dallas County. The case originated when Marshall Erdman and Associates, Inc., as plaintiff, brought suit in Wichita County against the Haden Company, Inc., and Johns-Manville Sales Corporation, as defendants, seeking to recover damages allegedly resulting from defective asbestos panels manufactured by Johns-Manville and allegedly installed to the exterior of the Wichita Falls Clinic Hospital by Haden Company, Inc. It was there alleged that Johns-Manville had furnished defective panels for use in the construction of the hospital. In that action Johns-Manville filed a plea of privilege, and the trial court sustained that plea of privilege and transferred the cause of action alleged by plaintiff, Marshall Erdman, against Johns-Manville to Dallas County.

Marshall Erdman and Associates, Inc. was the prime contractor for work being done on Wichita Falls Clinic Hospital in Wichita Falls, Texas. Haden Company, Inc. made a subcontract with Marshall Erdman calling for Haden Company, Inc. to furnish certain labor and materials going into that job. Johns-Manville manufactured certain asbestos panels that it sold to Haden Company, Inc., and Haden Company, Inc. then installed those panels into the hospital involved.

After Johns-Manville's first plea of privilege was sustained, the Haden Company, Inc., one of the defendants in the case above referred to, filed a third party action against Johns-Manville wherein it alleged that if it should be held liable to Marshall Erdman, that it was entitled to be indemnified by Johns-Manville on the ground that if the panels furnished by the latter were defective then the act of Johns-Manville in furnishing defective panels constituted a breach of implied warranty. When Haden Company, Inc. filed this third party action against Johns-Manville, the latter filed another plea of privilege. The Haden Company contended in the trial court that its third party action was properly maintainable in Wichita County under Subdivisions 4, 5, 14, 23, 27, 29a and 31, of Article 1995, V. A. C. S. The trial court overruled the plea of privilege and this appeal is brought by Johns-Manville from that decree.

We reverse and order the case transferred to Dallas County.

We will refer to Johns-Manville as appellant, and to Haden Company, Inc., as appellee, throughout the balance of the opinion.

In oral argument counsel for appellee advised this Court that it no longer contended that venue of the case was in Wichita County by virtue of Subdivisions 4, 5, 14, 23, 29a and 31 of Art. 1995. It abandoned its contentions relative to those subsections.

We therefore sustain appellant's points of error Nos. 1, 2, 3 and 4 without discussion. They are devoted to appellant's contention that the subsections referred to do not entitle appellee to maintain venue of this case in Wichita County.

The undisputed evidence is that appellant is a foreign corporation with an office in Dallas, Texas. Appellee is a corporation with its offices also being located in Dallas, Texas.

The controlling question on this appeal is whether or not appellee can keep venue of the case in Wichita County under Subdivision 27, Art. 1995, on the theory that a part of the cause of action accrued in that County.

Appellant's 5th and 6th points of error are that the court erred in overruling its plea of privilege because there is "no evidence" and "insufficient evidence" to show that this action or any part thereof accrued in Wichita County, Texas.

Appellant's 7th point of error is that the trial court erred in overruling its plea of privilege because its implied finding that the cause of action or a part thereof accrued in Wichita County, Texas, is so against the great weight and preponderance of the evidence as to be clearly wrong.

We sustain appellant's 5th, 6th and 7th points of error.

Appellee's action was founded entirely on its claim that appellant had breached an implied warranty in its contract by which appellee had purchased the asbestos panels involved from appellant in that such asbestos panels sold and delivered by appellant to appellee were not fit for the purposes for which they were intended. Appellee contended that in the event Erdman and Associates, Inc., recovered from it, that appellee was therefore entitled to be indemnified for such loss by the appellant.

Subdivision 27, Art. 1995, provides: "Foreign corporations . . . doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; . . . ."

■ The trial court did not file findings of fact and conclusions of law and none were requested. We must on this appeal therefore presume that the trial court found the facts to be in support of its judgment if there is sufficient evidence to support such findings. *Gilmore v. Transit Grain & Commission Co.*, 213 S.W.2d 880 (Tex.Civ.App., Fort Worth, 1944, no writ hist.). It is also true that if there is evidence to support a presumed finding that the exception contained in Art. 1995, Sec. 27, is applicable, then this Court is required to accept said evidence as true and sustain the findings of the trial court. *McGriff v. Hazle*, 201 S.W.2d 92 (Tex.Civ.App., Eastland, 1947, no writ hist.).

In order to establish venue in Wichita County under Art. 1995(27), appellee's burden at the venue hearing was to establish by a preponderance of the evidence all of the elements of the cause of action alleged, and that the cause of action or a part thereof arose in Wichita County, Texas. *Permaspray Mfg. Corp. v. Permaspray Mfg. Corp., a Delaware Corp.*, 490 S.W.2d 866 (Tex.Civ.App., Fort Worth, 1973, no writ hist.).

■ A venue exception permitting suit to be brought in any county in which the cause of action, or a part thereof, arose, means that either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county wherein the suit is brought. *Stone Fort Nat. Bank of Nacogdoches v. Forbess*, 126 Tex., 568, 91 S.W.2d 674 (1936).

■ In this case the following facts are undisputed: the precontract meeting between the representatives of Marshall Erdman, Haden Company, Inc., and Johns-Manville at which the panels and methods of installing them were discussed occurred in Dallas County; the order for the panels was given to Mr. Royer, Johns-Manville's representative, at Haden Company's Dallas County office; the panels were shipped by Johns-Manville from Waukegan, Illinois, to Haden Company, Inc. in Dallas; upon receipt and acceptance of the crated panels, Haden Company, Inc. stored them for two or three weeks in its Dallas County warehouse, at which place it cut the panels into smaller sheets; and Haden Company, Inc., then transported the panels to Wichita County and installed them at the jobsite.

Bill Martin testified that the panels appeared slightly warped when they were still at Haden Company's Dallas warehouse, but that he did not complain. There is also considerable evidence that the warpage of the panels occurred in Wichita County about six months after installation.

Appellee's contention is that because the warpage occurred in Wichita County and because Johns-Manville knew or had reason to know of the purpose for which the panels were to be used in Wichita County, a part of the cause of action thus arose in Wichita County. Appellee also contends that because the defects were not apparent until after the panels were installed in the building in Wichita County, that the cause of action did not accrue before that time and that it thus accrued in Wichita County.

We disagree with appellee's contentions. The Supreme Court in *Stone Fort Nat. Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674 (1936), expressly rejected

those contentions. In that case Forbess had deposited funds in defendant bank at Nacogdoches in Nacogdoches County. Forbess then drew a draft on that bank in favor of the First National Bank in Canyon, Texas. This was done in Randall County. The Canyon Bank then presented the draft for payment at the Nacogdoches Bank. The defendant, in Nacogdoches County, refused to pay the draft. The plaintiff, Forbess, then sued the Nacogdoches Bank in Randall County. That defendant filed a plea of privilege. The question as to whether or not the cause of action or a part thereof arose in the county of suit was involved. The Court of Civil Appeals in passing on the venue question had held that where the venue exception involved makes it permissible to sue in any county where a part of the cause of action arose, the plaintiff can bring suit against the defendant (a private corporation) in any county where the plaintiff suffers damages, notwithstanding the fact that the corporation has taken no part in any transaction producing such damages in the county where the suit was brought. The Supreme Court, in overruling that holding, said at page 677 the following:

"Under the record before us, if appellee has any right of action against appellant within the meaning of the part of exception 23, supra, under consideration, it consists of two elements, both of which arose entirely in Nacogdoches county, viz.: His primary right which arose out of the transaction by which he became an ordinary or general depositor in appellant bank, and appellant's violation of that primary right by its refusal to pay the checks drawn against that deposit. Both the transaction creating the primary right and the transaction constituting the violation of that right occurred wholly in Nacogdoches county. It follows that within the meaning of that part of exception 23, supra, under consideration, no part of appellee's cause of action arose in Randall county, or anywhere outside of Nacogdoches county."

See also on this point *American Quarter Horse Association v. Rose*, 525 S.W.2d 227 (Tex.Civ.App., Fort Worth, 1975, no writ hist.).

In this case the order was placed with appellant by appellee in Dallas County. The goods were delivered to the carrier in Illinois and accepted by appellee in Dallas County. No part of the contract was made or performed in Wichita County.

Appellee's contention was that as a part of the contract by which it purchased the panels from appellant, the appellant had impliedly warranted that the panels were not defective and that they were fit for the purposes for which they were purchased. Appellee's further contention is that the warranty was breached by appellant in that the panels sold and delivered to it by appellant were defective, and were not fit for the purposes for which they were purchased.

When and where did defendant breach such contract?

The breach of the warranty occurred when the appellant failed to perform his obligation or his part of the contract. This failure or breach occurred at the time that the allegedly defective goods were delivered by appellant to appellee. This delivery did not occur in Wichita County. It occurred either in Illinois or in Dallas, and it is not necessary for us to determine which of the two places it occurred in deciding this case. *American Warehouse Co. v. Ray*, 150 S.W. 763 (Tex.Civ.App., San Antonio, 1912, writ ref.); *El Paso & S. W. R. Co. v. Eichel & Weikel*, 130 S.W. 922 (Tex.Civ.App., 1910, er. ref.); and *McCaskill v. Clay*, 284 S.W. 643 (Tex.Civ.App., Amarillo, 1926, no writ hist.).

The following is from the *American Quarter Horse Association v. Rose*, supra, at p. 231: " 'In our opinion the argument confuses injury caused by the breach of contract by AQHA with the breach itself. It is the wrongful breach of contract upon which the cause of action is founded, and nothing constituting any part thereof was shown to have occurred in Tarrant County.' "

What this Court said in that case applies with equal force to this case.

Appellee also contends that the policy of courts toward avoiding a multiplicity of suits precludes the granting of appellant's plea of privilege in this case. We disagree. The policy toward avoiding a multiplicity of suits will not be permitted to defeat a plea of privilege directed toward a cross-claim filed by a defendant against a third party defendant in instances where the plaintiff's action against the third party defendant is not properly maintainable in the county of suit. See McDonald, Texas Civil Practice, Vol. 1, § 4.39, note 82.

In this case it was undisputed that appellant's plea of privilege filed in response to Marshall Erdman's suit against it had already been sustained. The action which plaintiff had filed in the case against appellant was therefore not properly maintainable in Wichita County.

We reverse and order the case transferred to Dallas County pursuant to Rule 89, T. R. C. P.