Helen B. SURBER, Appellant,

v.

Bruce R. SURBER, Respondent.

Bruce R. SURBER, Appellant,

v.

Helen B. SURBER, Respondent.

Nos. 37763, 37790.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 16, 1977.

---

2. She testified that she knew she had slipped on sand because she felt it underfoot.

Shaw, Howlett & Schwartz, Joseph How-lett, Clayton, Gregory O'Shea, St. Louis, for Helen B. Surber.

Cox, Moffitt & Cox, Dallas W. Cox, Jr., St. Louis, for Bruce R. Surber.

CLEMENS, Presiding Judge.

Appellant-husband cross-appeals from the amount of monetary allowances granted to respondent-wife in their decree of marital dissolution. We affirm the judgment of the trial court for the reasons stated in the companion opinion, No. 37,763, handed down this date.

DOWD, and SMITH, JJ., concur.

CLEMENS, Presiding Judge.

Plaintiff-wife Helen B. Surber appeals from the decree dissolving her marriage with defendant-husband Bruce R. Surber and granting her monetary allowances.

We affirm the decree and, further, grant defendant's motion for damages for frivolous appeal.

Plaintiff filed for dissolution of her marriage to defendant. The parties were married in 1951 and had three children, two of them emancipated and one a 15-year-old child.

Plaintiff is unemployed and not actively seeking employment. In the past she had done factory work and recently substantial housework for herself and a neighbor. She testified the parties' differences are irreconcilable and the marriage irretrievably broken. She prayed for and was granted a decree dissolving the marriage, awarding her custody of the minor child, child support, maintenance, costs and attorney's fees. We first consider the monetary allowances.

Plaintiff has been receiving $25 per week for child support from defendant and $140.22 a month on the child's behalf as a result of defendant's participation in the social security program. She has also been receiving $140.22 monthly social security payments for herself.

Defendant had worked for 40 years but is now certified as totally and permanently disabled by the Social Security Administration. He receives benefits from social security and the American Can Company totalling $1,122.50 per month. He has been contributing to the support of the minor child. Defendant asked for and was awarded his tools, coin collection, fishing equipment, rings, and other personal items, to which he has had no access since plaintiff changed the locks on the door of the family home when he was hospitalized for a heart attack. Defendant also has had no access to money in the parties' joint savings account, which plaintiff had withdrawn just before she filed for dissolution. Defendant prayed for his "fair share" of approximately $20,000 that had been in the joint account.

The trial court granted the dissolution, awarding plaintiff custody of the minor child, and substantially the monetary awards she sought: $25 a week child sup-

port, $57 a week maintenance, $750 for attorney's fees and court costs. The court set aside to plaintiff $3,500 of the savings account as her separate non-marital property. Plaintiff was also awarded the family home and furniture, the 1972 Chevrolet automobile, the balance of the savings account after deducting a specified sum awarded to defendant, her checking account and her personal clothing and effects.

Plaintiff filed an appeal from "the judgment dissolving the marriage" and monetary allowances, but in her brief she does not challenge the trial court's order dissolving the marriage. She contends, abstractly, that the evidence supported larger monetary awards as to separate property, marital property and maintenance.

■ We have examined the record and find it fails to support plaintiff's contentions of inadequate awards. Since an extended opinion herein would have no precedential value we apply the standards of review declared in *Murphy v. Carron*, 536 S.W.2d 30 [1–3] (Mo.1976) and affirm the judgment as to the challenged monetary awards. Rule 84.16(b).

■ We turn now to defendant's motion for damages for frivolous appeal from that part of the decree dissolving the marriage. He contends her appellate action has forestalled the reversion to him of monthly social security benefits which are still being paid to plaintiff. These payments would have been diverted to defendant on December 31, 1975 but for plaintiff's appeal from that part of the decree dissolving the marriage. And plaintiff knew it. At trial she was cross examined: "Q. Now, what will happen in the event that the Court would see fit to grant this particular decree of dissolution so far as social security on your behalf is concerned? A. It will stop."

As noted, plaintiff pleaded and testified that her marriage to defendant was irretrievably broken and the trial court so found. Despite this, and with knowledge

that dissolution would stop the social security payments to her from her husband's account, through her counsel plaintiff filed a notice of appeal, not only as to the monetary allowances, but also from "the judgment dissolving the marriage." She took no action, however, on that phase of her appeal. Her appellate brief relates only to monetary allowances, and does not challenge dissolution of the marriage. The effect of filing the notice of appeal "from the judgment dissolving the marriage" was to delay the finality of that part of the decree and thereby wrongfully perpetuate the monthly social security payments she is still receiving from defendant's account.[1]

Defendant asks us to redress his monetary loss, occasioned by plaintiff by her appeal having wrongfully diverted and continuing to receive monthly social security payments from his account since the date of dissolution. To do so, we remand the case to the trial court to determine the total amount thereof and to charge that amount against plaintiff and to give defendant credit therefor retroactively, or prospectively if necessary, against plaintiff's monetary allowances, other than those for child support.

■ We now consider defendant's motion for damages, taken with the case under Rule 84.19, declaring: "If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper." A frivolous appeal is "one presenting no justiciable question and so readily recognizable as devoid of merit on face of record that there is little prospect that it can ever succeed." *State ex rel. State Highway Commission v. Sheets*, 483 S.W.2d 783[4, 5] (Mo.App.1972). Here, we go beyond the quoted words "little prospect that it can ever succeed." Since plaintiff got the dissolution decree she had prayed for and utterly avoided that point on appeal, we say there was never *any prospect* her appeal

1. Section 452.360, RSMo. 1973 Supp.: "1. A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal. An appeal from a decree of dissolution that does not challenge the finding that the marriage is irretrievably broken down does not delay the finality of that provision of the decree."

from the dissolution portion of the decree could succeed; it was patently frivolous.

In considering the appropriate amount of damages to be assessed against plaintiff for frivolous appeal, we consider the dilatory tactics in prosecuting the appeal. By admittedly failing to timely file a copy of her letter ordering her transcript on appeal as required by Rule 81.19, plaintiff was enabled to delay the filing thereof in this court until August 16, 1976, instead of April 8, 1976, as required by Rule 81.18. Plaintiff's appellate brief was due to be filed on October 15, 1976, but on counsel's motions for extension of time to file her brief because of other law business she obtained four extensions and her brief was not filed until January 3, 1977, eighty days after it was due. On February 8, 1977 the court invited counsel to submit the case on written briefs. Plaintiff's counsel failed to respond and the case was set for oral argument on April 4, 1977. Plaintiff's counsel failed to appear.

We conclude plaintiff's appeal as to dissolution was frivolous and her lackadaisical prosecution thereof was vexatious. In sum, plaintiff's appeal from the decree of dissolution was an abuse of judicial process. The effects thereof were to mulct defendant of substantial monthly income, to cause his counsel to expend considerable time and expense in attempting to thwart plaintiff's dilatory tactics, and to encumber this court and its staff with deciding a frivolous appeal.

In determining appropriate damages to defendant we consider the trial court's allowance against defendant of $750.00 for her attorney's fee. We consider also the unwarranted burden plaintiff has cast upon defendant and his counsel. We determine a total of $1,500 to be proper damages to defendant and order that sum to be charged, retroactively or prospectively, if necessary, against plaintiff's monetary allowances, other than those for child support. Costs of appeal are to be taxed against plaintiff.

The decree is affirmed and the cause remanded for further proceedings to amend the decree consistent with this opinion.

DOWD, and SMITH, JJ., concur.

