**Javier Omar GUITERREZ, Appellant,**

v.

**The STATE of Texas, Appellees.**

**No. 01–03–01068–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 16, 2004.

Discretionary Review Refused
March 2, 2005.

---

Patrick F. McCann, Law Office of Patrick F. McCann, Houston, TX, for Appellant.

Dan McCrory, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellees.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

TIM TAFT, Justice.

Appellant, Javier Omar Guiterrez, entered a plea of no contest, without an agreed punishment recommendation from the State, to the first-degree felony offense of arson. *See* TEX. PEN.CODE ANN. § 28.02 (Vernon 2003). After having reviewed a presentence-investigation report, the trial court assessed appellant's punishment at five years in prison. We determine whether, under Texas Code of Criminal Procedure article 1.15, sufficient evidence supported appellant's conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2004–2005). We affirm.

### Sufficiency of Evidence to Support Plea

■ In his sole issue, appellant contends that his judicial confession, in which he stipulated that the indictment's allegations were true, is insufficient to support his conviction without the State's providing additional evidence to prove the offense.

Appellant's "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" provided in pertinent part as follows:

In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, **JAVIER OMAR GUITERREZ,** hereafter styled the Defendant, heretofore on or about **January 2, 2003,** did then and there unlawfully, START A FIRE by IGNITING A FLAMMABLE LIQUID with the intent to destroy and damage A HABITATION LOCATED AT 7063 DILLON, KNOWING THAT THE HABITATION WAS WITHIN THE INCORPORATED LIMITS OF A CITY, NAMELY HOUSTON, TEXAS.[1] **AGAINST THE PEACE AND DIGNITY OF THE STATE.**
*I understand the above allegations and I confess that they are true and that the acts alleged above were committed on* January 2, 2003. In open court *I consent to the oral and written stipulation of evidence* in this case and to the introduction of affidavits, written statements, or witnesses, and other documentary evidence. . . .

(Emphasis added.) In the admonishments portion of the same document, appellant again waived his rights to a jury trial and to the appearance, confrontation, and cross-examination of witnesses and "consent[ed] to the oral and written stipulations of evidence in this case." No further evidence was admitted. During the plea hearing, appellant answered affirmatively to the judge's question, "You understand

1. The indictment and the plea tracked the statutory elements of one means of committing first-degree-felony arson. *See* TEX. PEN. CODE ANN. § 28.02(a)(2)(A), (d)(2) (Vernon 2003).

that by signing this [written waiver, stipulation and judicial confession] and pleading no contest that you are stipulating that if the State were allowed to call witnesses, those witnesses would testify that you committed this offense?"

■ A defendant charged with a felony offense may not be convicted on his plea of guilty or no contest alone; rather, the State must introduce sufficient evidence to support the plea. *See* TEX.CODE CRIM. PROC. ANN. art. 1.15. "The evidence is sufficient under article 1.15 if it embraces every essential element of the offense charged and establishes the defendant's guilt." *Breaux v. State,* 16 S.W.3d 854, 857 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). "The evidence may be stipulated if the defendant ... consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court." TEX.CODE CRIM. PROC. ANN. art.

1.15. A defendant who pleads no contest does not need to concede to the veracity of the evidence to which he stipulates, but if he does, the court will consider the stipulation to be a judicial confession. *See Stone v. State,* 919 S.W.2d 424, 426 (Tex.Crim. App.1996); *Barnes v. State,* 103 S.W.3d 494, 497 (Tex.App.-San Antonio 2003, no pet.); *Wright v. State,* 930 S.W.2d 131, 133 (Tex.App.-Dallas 1996, no pet.).

■ Appellant recognizes that a judicial confession or stipulation of evidence, by itself, suffices to sustain a conviction rendered upon a guilty plea.[2] *See, e.g., Johnson v. State,* 722 S.W.2d 417, 422–23 (Tex. Crim.App.1986), *overruled on other grounds by McKenna v. State,* 780 S.W.2d 797 (Tex.Crim.App.1989); *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App. 1979). Appellant nonetheless asks that we hold that a no contest plea must be supported by additional evidence. Our Court's and the Court of Criminal Appeals's holdings are to the contrary, as are the holdings of other courts of appeals.[3] The cases on which appellant relies do not require a contrary holding. In those

2. To the extent that appellant's arguments could be construed to include an attack on a bare judicial confession to the allegations in the indictment as being sufficient to support a plea of guilty, we reject that attack on the basis of *Johnson* and *Dinnery.*

3. *See Scott v. State,* 945 S.W.2d 347, 348 (Tex.App.-Houston [1st Dist.] 1997, no pet.) (holding that appellant's stipulation that he "agree[d] that the elements of the offense alleged [in the indictment] constitute the evidence in this case" sufficed under article 1.15 to support no contest plea); *see also Tabora v. State,* 14 S.W.3d 332, 337–38 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (holding that form "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" signed by appellant sufficed under article 1.15 to support no contest plea); *Wright v. State,* 930 S.W.2d 131, 133 (Tex.App.-Dallas 1996, no pet.) (holding that defendant's "stipulation of evidence," which tracked indictment's lan-

guage and averred that its factual allegations were true and correct and constituted evidence in case, sufficed to support no contest plea because "judicial confession standing alone is sufficient to satisfy the requirements of article 1.15."); *Matheson v. State,* 832 S.W.2d 692, 693 (Tex.App.-Corpus Christi 1992, no pet.) (holding that judicial confession that indictment's allegations were true, defendant's open-court stipulation of evidence, and his identifying self as charged party, sufficed to support no contest plea under article 1.15); *cf. Stone v. State,* 919 S.W.2d 424, 427 (Tex.Crim.App.1996) (holding that defendant's stipulations that he read and understood indictment's allegations and that witnesses would testify that he committed acts alleged therein and that he was guilty, without statement of allegations' veracity, sufficed under article 1.15 to support no contest plea).

cases, the State offered detailed evidentiary stipulations, but the courts did not hold on the issue of whether a judicial confession alone sufficed.[4]

Accordingly, we overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

---

**4.** *See Brewster v. State,* 606 S.W.2d 325, 329 (Tex.Crim.App.1980) (no contest plea); *Wallace v. State,* 478 S.W.2d 499, 499–500 (Tex. Crim.App.1972) (guilty plea).