ACCEPTED
14-15-00359-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/13/2015 10:11:29 AM
CHRISTOPHER PRINE
CLERK

## NO. 14-15-00359-CR

## IN THE COURT OF APPEALS

## FOURTEENTH DISTRICT

## HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

7/13/2015 10:11:29 AM

CHRISTOPHER A. PRINE
Clerk

## NO. 1401264

## IN THE TRIAL COURT

## 338TH JUDICIAL DISTRICT

## HARRIS COUNTY, TEXAS

| BENJAMIN ROBERT BARRAN | § | APPELLANT |
|---|---|---|
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

## APPOINTED COUNSEL'S
## MOTION TO WITHDRAW FROM FRIVOLOUS APPEAL

**ALLEN C. ISBELL**
**2016 Main St., Suite 110**
**Houston, Texas 77002**
**713/236-1000**
**Fax No. 713/236-1809**
**STATE BAR NO. 10431500**
**Email: allenisbell@sbcglobal.net**

**COUNSEL ON APPEAL**

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW ALLEN C. ISBELL, court-appointed counsel of record for BENJAMIN ROBERT BARRAN, appellant, in the above entitled and numbered cause and respectfully requests permission to withdraw from the case for the following reasons:

I.

After a thorough review of record, counsel has been unable to find any error which he can, in good faith, urge as warranting a reversal of the conviction.

II.

Counsel has filed a brief on Appellant's behalf in accordance with the mandates of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and has notified appellant of his right to review the record and raise any points he may choose. A copy of that brief is attached and incorporated herein by reference as Exhibit "A" and a copy of the letter to appellant is attached and incorporated herein by reference as Exhibit "B."

III.

This request for permission to withdraw is required by *Anders v. California*, supra at 744, and *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).

IV.

Appellant's last known address is as follows: Mr. Benjamin Robert Barran, TDCJ #01995410, Garza West Unit, 4250 Hwy. 202, Beeville, Texas 78102.

WHEREFORE, PREMISES CONSIDERED, Counsel prays that this Court grant him permission to withdraw from the case.

Respectfully submitted,

*/s/ Allen C. Isbell*
ALLEN C. ISBELL
202 Travis, Suite 208
Houston, Texas 77002
713/236-1000
Fax No.: 713/236-1809
STATE BAR NO. 10431500
email: allenisbell@sbcglobal.net

COUNSEL ON APPEAL


# **O R D E R**

On this day came on to be heard the Motion to Withdraw filed by Appellant's court-appointed counsel on appeal.

After reviewing the *Anders v. California*, supra brief filed on Appellant's behalf and finding that it IS/IS NOT acceptable, the Motion to Withdraw is hereby

_____ GRANTED

_____ DENIED.

SIGNED on this the _____ day of _____, 20___.


_____
JUDGE PRESIDING


**Certificate of Service**

I hereby certify that on this 13th day of July, 2015, a true and correct copy of the Motion to Withdraw which was filed previously was sent to the District Attorney's Office, Appellate Division of Harris County, Texas, and to Mr. Benjamin Robert Barran, appellant.


*/s/ Allen C. Isbell*_____
ALLEN C. ISBELL


**Certificate of Compliance**

The undersigned attorney on appeal certifies this motion is computer generated and consists of 479 words.  Counsel is relying on the word count provided by the Word Perfect computer software used to prepare the motion.


*/s/ Allen C. Isbell*_____
ALLEN C. ISBELL

**Exhibit "A"**

NO. 14-15-00359-CR

IN THE COURT OF APPEALS

FOURTEENTH DISTRICT

HOUSTON, TEXAS

NO. 1401264

IN THE TRIAL COURT

338TH JUDICIAL DISTRICT

HARRIS COUNTY, TEXAS


BENJAMIN ROBERT BARRAN     §          APPELLANT

VS.                        §

THE STATE OF TEXAS         §          APPELLEE

---

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW
FROM FRIVOLOUS APPEAL**

---

ALLEN C. ISBELL
2016 Main St., Suite 110
Houston, Texas 77002
713/236-1000
Fax: 713/236-1809
STATE BAR NO. 10431500
Email: allenisbell@sbcglobal.net
COUNSEL ON APPEAL

ORAL ARGUMENT WAIVED

## NAMES AND ADDRESSES OF ALL PARTIES
## AT THE TRIAL COURT'S FINAL JUDGMENT

Trial Judge

    Honorable Brock Thomas, Judge Presiding
    338th District Court
    1201 Franklin, 15th Fl., Houston, Texas 77002


Appellant/Defendant

    Mr. Benjamin Robert Barran
    #01995410
    Garza West Unit
    4250 Hwy. 202
    Beeville, Texas 78102-8982


Appellant's Counsel

    Mr. Allen C. Isbell - Counsel on Appeal
    2016 Main St., Suite 110, Houston, Texas 77002

    Mr. Jerald Graber - Counsel
    917 Franklin, #510, Houston, Texas 77002


Attorneys for the State of Texas

    Mr. Alan Curry - Assistant District Attorney on Appeal
    1201 Franklin, Ste. 600, Houston, Texas 77002

    Ms. Shannon Drehner - Assistant District Attorney
    1201 Franklin, 6th Fl., Houston, Texas 77002

**TABLE OF CONTENTS**

**PAGE**

Names and Addresses of All Parties at the Trial Court's Final Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . vii

Statement of the Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . 1

Preliminary Question: Appellant's Right to Appeal . . . . . . . . . . . . . 2

Review of the Record . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Appeal is Wholly Frivolous . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      I. Admonishments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

           (1) Range of punishment . . . . . . . . . . . . . . . . . . . . . . 10

           (2) Non-Binding Recommendation . . . . . . . . . . . . . . . 11

           (3) Permission to prosecute an appeal . . . . . . . . . . . . 11

           (4) Consequences of non-citizenship . . . . . . . . . . . . . 11

      II. Pretrial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

           (1) Sufficiency of the Indictment . . . . . . . . . . . . . . . . 12

           (2) Pre-trial motions . . . . . . . . . . . . . . . . . . . . . . . . . 13

      III. Plea of Guilty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

           (1) Mental Competence . . . . . . . . . . . . . . . . . . . . . . 13

(2) Sufficiency of Evidence . . . . . . . . . . . . . . . . . . . . . . 14

(3) Pre-sentence Investigation Report . . . . . . . . . . . . 14

IV. Sentencing Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

(1) Punishment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . 17

Exhibit "A" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# INDEX OF AUTHORITIES

**CASES**                                                                           **PAGE**

*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1957)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15-16

*Bailey v. State,* 543 S.W.2d 419 (Tex.Crim.App. 1977)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Blanco v. State,* 18 S.W.3d 218, 219 (Tex.Crim.App. 2000)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App. 1979)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Dukes v. State*, 239 S.W.3d 444, 448 (Tex.App. Dallas 2007, pet. ref'd
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Ex parte Broadway,* 301 S.W.3d 694, 697-698 (Tex.Crim.App. 2009)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ex parte De Leon,* 400 S.W.3d 83, 89 (Tex.Crim.App. 2013)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ex parte Delaney,* 207 S.W.3d 794, 799 (Tex.Crim.App. 2006)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Ex parte Hogan,* 556 S.W.2d 56 (Tex.Crim.App. 1978)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ex parte Moussazadeh,* 64 S.W.3d 404, 411-412 (Tex.Crim.App. 2001)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ex parte Reedy*, 282 S.W.3d 492,496-497 (Tex.Crim.App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex.Crim.App. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Ex parte Townsend,* 538 S.W.2d 419 (Tex.Crim.App. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Garner v. State,* 300 S.W.3d 763 (Tex.Crim.App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Gutierrez v. State*, 176 S.W.3d 394, 396 (Tex.App. Houston [1st Dist.] 2004, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Schulman,* 252 S.W.3d 403, 407 n.12 (Tex.Crim.App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Kennedy v. State,* 297 S.W.3d 338 (Tex.Crim.App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Marsh v. State*, 444 S.W.3d 654 (Tex.Crim.App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Monreal v. State,* 99 S.W.3d 615 (Tex.Crim.App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Moore v. State,* 295 S.W.3d 329, 331 (Tex.Crim.App. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Shankle v. State,* 119 S.W.3d 808,813 (Tex.Crim.App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15

*State vs. Edmond*, 933 S.W.2d 120, 128 (Tex.Crim.App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Stone v. State*, 919 S.W.2d 424 (Tex.Crim.App. 1996)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Washington v. State*, 363 S.W.3d 589, 589-90 (Tex.Crim.App. 2012)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wilson v. State,* 366 S.W.3d 335 (Tex.App. Houston [1st Dist.] 2012, no pet.)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## **STATUTES**

*Texas Code of Criminal Procedure*, Art. 1.13. . . . . . . . . . . . . . . . . . . . . . . 5

*Texas Code of Criminal Procedure*, Art. 1.15 . . . . . . . . . . . . . . . . . . . . . . 14

*Texas Penal Code*, Sec. 12.33 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Texas Penal Code,* Sec. 32.51 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*Texas Rules of Appellate Procedure,* Rule 25.2(a)(2) . . . . . . . . . . . . . . . 6

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is waived.

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW BENJAMIN ROBERT BARRAN, appellant, by and through his appointed attorney of record, ALLEN C. ISBELL, and files this Brief in support of his Motion to Withdraw.

### Statement of the Nature of the Case

The indictment charged appellant with the offense of Fraudulent Use of Identifying Information in Cause No. 1401264. On January 15, 2015, appellant entered a plea of guilty in the 338th District Court of Harris County, Texas, the Honorable Brock Thomas, Judge Presiding (C.R. I 26-27). On April 10, 2015, following a pre-sentence investigation report and hearing, the trial Court assessed punishment at confinement the Institutional Division of the Texas Department of Corrections for twenty (20) years and a fine of One Thousand ($1,000) Dollars. On that day, appellant filed a written notice of appeal (C.R. 1 37-38, 41).

The trial court signed a document saying that appellant did not have the right to appeal because appellant waived his right to appeal. In a letter dated June 10, 2015, this Court notified the trial court judge that after reviewing the clerk's record it concluded that this is not a plea bargain case, so the certification of the defendant's right which states that "the defendant has

waived his right to appeal" appears to be incorrect. This Court noted that although negotiated waivers of the right to appeal are valid, non-negotiated waivers of the right to appeal are valid only if the defendant waived this right, knowing with certainty the punishment that would be assessed. Citing: *Washington v. State,* 363 S.W.3d 589, 589-90 (Tex.Crim.App. 2012) and *Monreal v. State,* 99 S.W.3d 615 (Tex.Crim.App. 2003). The letter concluded that the record did not appear to reflect with certainty that appellant waived his right to appeal, knowing with certainty the punishment that would be assessed. Citing: *Ex parte Delaney,* 207 S.W.3d 794, 799 (Tex.Crim.App. 2006)*; Blanco v. State,* 18 S.W.3d 218, 219 (Tex.Crim.App. 2000)*.* The letter requested that in connection with this appeal, the record be reviewed, and, if necessary, the certificate of certification be corrected and a supplemental clerk's record containing the corrected certification be filed within thirty days.

**Preliminary Question: Appellant's Right to Appeal**

Based on the Clerk's Record alone, this Court concluded that the trial court's certification regarding appellant's right to appeal may be incorrect. The court requested that the issue be reviewed as part of the appeal without prescribing what a new certification, if necessary, should say. If a review of the record shows that appellant did waive his right of appeal, the proper

remedy is to dismiss the appeal. *Marsh v. State*, 444 S.W.3d 654 (Tex.Crim.App. 2014).

In *Ex parte Reedy,* 282 S.W.3d 492,496-497 (Tex.Crim.App. 2009), the Court of Criminal Appeals explained the holdings in most of the cases cited in this Court's letter. In *Ex parte Townsend,* 538 S.W.2d 419 (Tex.Crim.App. 1976), the Court of Criminal Appeals held that as a matter of law a waiver of the right to appeal made prior to trial cannot be knowing and intelligent because the defendant does not know with certainty the punishment that will be assessed, and the defendant cannot anticipate the errors that may occur during trial.

In *Bailey v. State,* 543 S.W.2d 419 (Tex.Crim.App. 1977), and in *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex.Crim.App. 1977), the Court of Criminal Appeals considered waivers of appeal made after the conviction, but before sentencing. It found them to be unenforceable for the same reasons. However, a waiver of appeal made after judgment and sentence is valid and enforceable. *Ex parte Hogan,* 556 S.W.2d 56 (Tex.Crim.App. 1978). That was the state of the law in 2000 when *Blanco v. State,* supra, was decided.

In *Blanco,* the defendant waived his right of appeal as part of a sentencing-bargain. The trial court followed the sentencing recommendation,

but the defendant appealed anyway claiming the waiver was not binding under *Ex parte Thomas,* supra, because it was made after the conviction but prior to sentencing. The Court of Criminal Appeals upheld the waiver, notwithstanding prior case law, because the considerations that led to the cases such as *Ex parte Townsend*, supra, are less compelling where the trial court follows the sentencing recommendation. The Court of Criminal Appeals distinguished *Ex parte Thomas* because the waiver of appeal was not part of the plea agreement.

In *Monreal v. State,* supra, the defendant executed a waiver of appeal after a conviction and after sentencing. The Court held that a waiver given at that time, presumptively, is knowing and intelligent, whether or not the guilty plea was the product of a negotiated agreement.

In *Ex parte Delaney*, supra, the defendant waived his right to appeal after entering an open plea of guilty and receiving deferred-adjudication community supervision for ten years. A few months later, the State moved to proceed to adjudication and the trial court imposed a life sentence. The Court of Criminal Appeals held that when a pre-sentencing waiver of appeal is not bargained for, the waiver is not valid.

In *Ex parte Broadway,* 301 S.W.3d 694, 697-698 (Tex.Crim.App. 2009), the issue presented was "whether a defendant can voluntarily waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." The Court of Criminal Appeals answered that issue, "Yes." It found that the State gave consideration for the plea by agreeing to waive its right to a jury trial under *Texas Code of Criminal Procedure*, Art. 1.13. In the writ hearing, the trial court found that the State did not want to consent to the defendant's waiver of a jury trial. However, the defendant induced the State to consent by the defendant agreeing to waive his right to appeal.

The two most common kinds of plea-bargaining that affect punishment are "sentence-bargaining" and "charge-bargaining." Sentence-bargaining may be for a binding or non-binding recommendation to place a "cap" on the sentence imposed. It may involve an agreement to recommend, or refrain from opposing, deferred-adjudication community supervision. Charge-bargaining involves a defendant's agreement to plead guilty to the offense that has been alleged or to a lesser included offense, in exchange for the prosecution dismissing , or refraining from bringing, other charges. Before reaching a charge-bargain agreement, the defendant is subject to separate

additional punishments for the pending charges. An agreement to dismiss a

pending charge, or not to bring an available charge, effectively puts a cap on

punishment which the defendant may receive at the maximum sentence for

a charge that is not dismissed. When the defendant enters into a charge-

agreement, this constitutes a plea-bargain case, governed by *Texas Rules*

*of Appellate Procedure,* Rule 25.2(a)(2). *Shankle v. State,* 119 S.W.3d

808,813 (Tex.Crim.App. 2003)(State dismissed a burglary charge); *Kennedy*

*v. State,* 297 S.W.3d 338 (Tex.Crim.App. 2009)(State dismissed charges for

attempted murder and deadly conduct).

A plea bargain is a contract between the State and the defendant.

*Moore v. State,* 295 S.W.3d 329, 331 (Tex.Crim.App. 2009). General

contract-law principles are applied to determine the intended content of a plea

agreement. Appellate courts look to the written agreement, as well as the

formal record, to determine the terms of the plea agreement. *Ex parte De*

*Leon,* 400 S.W.3d 83, 89 (Tex.Crim.App. 2013) citing *Ex parte Moussazadeh,*

64 S.W.3d 404, 411-412 (Tex.Crim.App. 2001).

### Review of the Record

The certification of appellant's right to appeal indicates that appellant

waived the right to appeal. The certification was signed by the trial judge, the

defendant, and defendant's counsel (C.R. I, 33). The Judgment of Conviction indicates that there was no agreed recommendation, that the right of appeal was waived, and that no permission to appeal was granted (C.R. I, 38).

Appellant's written plea of guilty and stipulation of evidence (State's Exhibit 1), states that appellant was pleading guilty to the alleged offense in exchange for the State dismissing four other pending charges, (C.R. I, 26-27). The official transcript of the plea reflects that appellant intended to waive any right to appeal. This waiver of a right to appeal was part of the "charging-agreement" between appellant and the prosecution, as shown by the colloquy during the plea between the trial court judge, defense counsel, and appellant:

> THE COURT: I noticed also on here that on the certification page that there is a waiver of a right to appeal.
>
> MR. GRABER [Defense Counsel]: Yes.
>
> THE COURT: Okay.
>
> MR. GRABER: We did have a question about that. We want to make sure that we did that correctly.
>
> * * * * *
>
> MR. GRABER: . . . . But the question that I had was: Just generally speaking, if somebody pleads without an agreement - - if they plead guilty to the Court without an agreement, is that a waiver of his right to appeal?
>
> THE COURT: Unless there is some waiver in terms of either a plea bargain - -

(Off-the-record discussion)

MR. GRABER: Judge, we can go back on the record.

THE COURT: All right.

MR. GRABER: Judge, I have broached the subject with the State. I have admonished and explained to the defendant that it's part of the deal. Because they are dismissing four cases because he's entering a plea to this charge, that it is a waiver of an appeal. That was my admonishment to him.

My question to the Court was more generally speaking.

I've spoken to the State. That is what the State is requesting. And, so, it can stay as written.

THE COURT: Just so I'm clear, Mr. Barran: Is it your understanding, if I accept this at this point that you're waiving your right to appeal?

THE DEFENDANT: Yes, sir. I understand.

THE COURT: You're pleading guilty without an agreed recommendation; and in exchange for that, there's also four cases being dismissed, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: That means, bottom line: I will conduct that sentencing hearing and whatever I sentence you to, you won't have the right to appeal that.

THE DEFENDANT: That's correct. I understand.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you need any further time to talk to Mr. Graber about that?

THE DEFENDANT: No, sir.

THE COURT: All right. And you've had a chance to visit with him regard to that issue?

MR. GRABER: I have, Judge. And the point that I made to him was that as long as the Judge sentences you within the range of punishment, there's no appeal.

Obviously, I know the Court will sentence him within the range of punishment.

THE COURT: Right.

MR. GRABER: So, that was my last admonishment to him regarding appeal (R.R. 2, 6-9).

The judgment states that there was no agreed recommendation as to punishment, and the certification states that appellant waived his right of appeal. The record appears to reflect that appellant voluntarily, knowingly and intelligently waived his right of appeal as part of a negotiated plea-bargain that the State would dismiss four pending charges, if he pled guilty without a recommendation as to sentencing in the instant case.

## Appeal is Wholly Frivolous

If this court decides that the waiver of appeal was not valid, and that this court has jurisdiction to entertain this appeal, counsel has reviewed the record

for reversible error.  After a thorough review of the record, appointed counsel on appeal is unable to find any error which, in good faith, he can urge as warranting a reversal of the judgment of conviction or a remand for a new punishment hearing.  Counsel is aware of his duty to advance arguable grounds of error. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1957); *Stafford v. State,* 813 S.W.2d 503, 510 (Tex.Crim.App. 1991); *In re Schulman,* 252 S.W.3d 403, 407 n.12 (Tex.Crim.App. 2008)(Counsel must argue any ground that could "conceivably persuade" the court); *Wilson v. State,* 366 S.W.3d 335 (Tex.App. Houston [1st Dist.] 2012, no pet.)(Counsel cannot file an *Anders* brief if the record is incomplete).

## I.  Admonishments

**(1) Range of punishment.**  Appellant was charged with the fraudulent possession of at least ten but less than fifty items of identifying information, *Texas Penal Code,* Sec. 32.51(c)(2).  This offense is punishable as a felony of the second degree.  *Texas Penal Code*, Sec. 12.33 provides that the applicable sentence for a second degree felony offense is imprisonment in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years, with a possible fine not to exceed $10,000.  The trial court judge properly admonished appellant that his punishment could be

assessed within that range (C.R. I, 28; R.R. 2, 3; R.R. 3, 4).

**(2) Non-Binding Recommendation.** Appellant was admonished that any sentencing recommendation is not binding on the court (C.R. I, 29). The record reflects that the prosecution did not make a sentencing recommendation (R.R. 2, 5-6).

**(3) Permission to prosecute an appeal.** The trial court admonished appellant that in a plea bargain case, the Court must give its permission before appellant could appeal any matter in the case, except for matters that were raised by written motion filed prior to trial (C.R. I, 29). The Court ascertained that the plea bargain in this case was a charge-bargain, in which appellant agreed to waive his right to appeal and enter a plea of guilty in exchange for the prosecution dismissing four other pending charges (C.R. I, 27; R.R. 2, 8-9; R.R. 3, 4).

**(4) Consequences of non-citizenship.** Appellant was admonished that if he is not a citizen of the United States, a plea of guilty for the alleged offense may result in his deportation, or exclusion from admission the country, or the denial of his naturalization (C.R. I, 30). The record reflects that appellant is a U.S. citizen (R.R. 2, 3).

## II. Pretrial

**(1) Sufficiency of the Indictment.** Appellant was charged with the fraudulent possession of identifying information by an indictment which alleged that:

> "In Harris County, Texas, **BENJAMIN ROBERT BARRAN**, hereafter styled the Defendant, heretofore, on or about **SEPTEMBER 4, 2013**, did then and there unlawfully, with the intent to defraud and harm another, OBTAIN AND POSSESS AT LEAST TEN BUT LESS THAN FIFTY ITEMS of identifying information, namely, THE NAME, THE DATE OF BIRTH, THE SOCIAL SECURITY NUMBER, AND A GOVERNMENT-ISSUED IDENTIFICATION NUMBER of NATALIE WEBER, CHARLES HRNCIR, DAVID FLACSH, AND DAVID KOENIG, hereafter called the Complainant, without the Complainant's consent" (C.R. I, 9).

> The alleged felony offense is set forth in *Texas Penal Code*, Sec. 32.51.

That statute reads in pertinent part as follows:

> **Sec. 32.51 Fraudulent Use or Possession of Identifying Information**

> (a) In this section:

>     (1) "Identifying information means information that alone or in conjunction with other information identifies a person, including a person's:

>         (A) name and social security number, date of birth, or government issued identification number.

>     (b) A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers or uses an item of:

(1) identifying information of another person without the other person's consent.

Appellant did not file a Motion to Quash the Indictment. When the charging instrument tracks the language of a criminal statute, generally, it is sufficient to provide a defendant with notice of the charged offense, to invoke the jurisdiction of the District Court, and to support a judgment of conviction. *State vs. Edmond*, 933 S.W.2d 120, 128 (Tex.Crim.App. 1996); *Dukes v. State*, 239 S.W.3d 444, 448 (Tex.App. Dallas 2007, pet. ref'd).

**(2) Pre-trial motions**. There were no pre-trial motions filed or ruled upon.

## III. Plea of Guilty

**(1) Mental Competence.** Prior to accepting appellant's plea of guilty in open court, the trial court ascertained that appellant suffers from depression and was currently on medication for that psychological condition. However, appellant was able to understand the proceedings and the admonishments from the court. Defense counsel informed the judge that there had been no problems discussing the case with appellant, and that he believed that appellant was competent to enter his plea (R.R. 2, 3-4). The trial court was satisfied that appellant was competent, and was entering his plea freely and voluntarily (R.R. 2, 4-5). The record supports that finding.

**(2) Sufficiency of Evidence.** Appellant entered a plea of guilty in open court (R.R. 2, 3).  A defendant charged with a felony offense may not be convicted on his plea of guilty or no contest alone; rather the State must introduce sufficient evidence to support the  plea. *Texas Code of Criminal Procedure*, Art. 1.15.  Appellant executed and signed a written stipulation of evidence and judicial confession in which he waived his right to a trial by jury. It was signed by defense counsel and approved by the prosecutor and the trial court (C.R. I, 28-29).  This document was introduced into evidence as  State's Exhibit 1 (R.R. 2, 5-6).  The trial court found the evidence was sufficient to support appellant's plea of guilty (R.R. 2, 10).

A judicial confession or stipulation of evidence that embraces every essential element of the offense charged, by itself, suffices to sustain a conviction rendered upon a guilty plea.  *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App. 1979)*; Stone v. State*, 919 S.W.2d 424 (Tex.Crim.App. 1996); *Gutierrez v. State*, 176 S.W.3d 394, 396 (Tex.App. Houston [1st Dist.] 2004, pet. ref'd)*.*

**(3) Pre-sentence Investigation Report.** After finding that the evidence was sufficient to support a finding of guilt, the trial court withheld a finding of guilt until he received the pre-sentence investigation report .  This report was

reviewed by the parties (C.R. I, 30; R.R. 2, 5-6, 10).  Neither side had an objection to the pre-sentence report (R.R. 3, 4).

**IV. Sentencing Hearing**

**(1) Punishment.**  At the sentencing hearing the  trial court judge reviewed the pre-sentence investigation report, considered additional documents from both parties (R.R. 3, 5-6), and heard the arguments of counsel.  Then, the  trial court found appellant guilty as charged and sentenced him to  20 years confinement in the Texas Department of Criminal Justice Institutional Division and a $1,000 fine (R.R.3, 22).  The punishment assessed was within the range for a second degree felony offense.

**Conclusion and Prayer**

WHEREFORE, PREMISES CONSIDERED, Counsel on appeal prays that this Court accept this frivolous brief and itself examine the record for reversible error as required by *Anders v. State*, supra*; Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991); and *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005).

Counsel has written appellant advising him of his right to examine a copy of the Appellate Record and to file a brief on his own behalf in accordance with *Anders v. California,* supra. See: *Garner v. State,* 300

S.W.3d 763 (Tex.Crim.App. 2009). In that letter, counsel has advised appellant of his right to submit a Petition for Discretionary Review by the Court of Criminal Appeals in the event the Court of Appeals affirms the conviction.

A copy of that letter is attached and incorporated herein by reference as Exhibit "A."

Respectfully submitted,

/s/ Allen C. Isbell
ALLEN C. ISBELL
2016 Main St., Suite 110
Houston, Texas 77002
713/236-1000
Fax No.: 713/236-1809
STATE BAR NO. 10431500
email: allenisbell@sbcglobal.net

COUNSEL ON APPEAL

## Certificate of Service

I hereby certify that on this 13th day of July, 2015, a true and correct copy of the foregoing brief was sent to the District Attorney's Office, Appellate Division of Harris County, Texas, and to Mr. Benjamin Robert Barran, appellant,

/s/ Allen C. Isbell
ALLEN C. ISBELL

## Certificate of Compliance

The undersigned attorney on appeal certifies this brief is computer generated and consists of 3,918 words. Counsel is relying on the word count provided by the Word Perfect computer software used to prepare the brief.

/s/ Allen C. Isbell
ALLEN C. ISBELL

# EXHIBIT "A"

# Allen C. Isbell
### Attorney at Law

BOARD CERTIFIED CRIMINAL LAW
BOARD CERTIFIED CRIMINAL APPELLATE LAW
COLLEGE OF THE STATE BAR, MEMBER

2016 MAIN ST., SUITE 110
HOUSTON, TEXAS 77002
(713)236-1000
FAX (713)236-1809

July 13, 2015

**Via C.M.R.R. #7007 0710 0000 7019 7626**

Mr. Benjamin R. Barran
#01995410
Garza West Unit
4250 Hwy. 202
Beeville, Texas 78102-8982

> Re:   No(s). 14-15-00359-CR; *Benjamin Robert Barran vs. State of Texas*;  Trial Court No(s). 1401264;

Dear Mr. Barran:

Enclosed is a copy of the "*Anders* Brief" I filed on your behalf.  I could not advance any arguable grounds for a reversal of your conviction.  Please be advised that you have a right to review the records yourself and to submit a *Pro Se* Brief on your own behalf.

A *pro se* brief means a brief you file on your own behalf.  Because I could not find any errors which I could urge to overturn your conviction, you have the right to examine the trial records and write a brief yourself, if you are able to find any errors.

If you want to review the appellate record and file a *Pro Se* Brief on your own behalf, I have enclosed a courtesy "Pro Se Motion for Access to the Appellate Record."  Please sign, date, and file the original and two (2) copies of the motion with the Fourteenth Court of Appeals, 301 Fannin, Suite 245, Houston, Texas 77002, within ten (10) days from receipt of this letter.

Also, I have requested a (60) day extension of time with the Fourteenth Court of Appeals for you to have time to prepare and file a *Pro Se* Brief, should you choose to do so.  An original and one (1) copy of the *Pro Se* Brief must be filed with the Fourteenth Court of Appeals, 301 Fannin, Suite 245, Houston, Texas 77002.

In the event that the Fourteenth Court of Appeals affirms your conviction, please be advised that you have the right to submit a Petition for Discretionary Review by the Court of Criminal Appeals on your own behalf, or to retain other counsel for that purpose.  I have attached a copy of Rule 68 pertaining to the Petition for Discretionary Review.  You must file the petition thirty (30) days from the date the opinion was rendered.  **An original and eleven (11) copies of the petition must be filed with the Court of Criminal Appeals, P.O. Box 12308, Austin, Texas**.  Please be advised that a copy of the Opinion must be attached to the original and to each copy of the petition for discretionary review.

Mr. Benjamin R. Barran
Page 02
July 13, 2015

_____

I have also filed a motion to withdraw as the attorney of record.  Until the Court of Appeals grants this motion, I remain your attorney.

Very truly yours,

*/s/ Allen C. Isbell*
Allen C. Isbell

ACI/mr
ENCLS.:
(1) Brief in Support of the Motion to Withdraw from Frivolous Appeal, (2) Motion to Withdraw from Frivolous Appeal, (3) Appellant's *Pro Se* Motion for Access to Appellate Record, (4) Motion for Extension of Time for filing Pro Se Brief, (5) *T.R.A.P.*, Rule 68.

cc:    Fourteenth Court of Appeals

**Exhibit "B"**

# Allen C. Isbell
### Attorney at Law

BOARD CERTIFIED CRIMINAL LAW
BOARD CERTIFIED CRIMINAL APPELLATE LAW
COLLEGE OF THE STATE BAR, MEMBER

2016 MAIN ST., SUITE 110
HOUSTON, TEXAS 77002
(713)236-1000
FAX (713)236-1809

July 13, 2015

**Via C.M.R.R. #7007 0710 0000 7019 7626**

Mr. Benjamin R. Barran
#01995410
Garza West Unit
4250 Hwy. 202
Beeville, Texas 78102-8982

> **Re:** No(s). 14-15-00359-CR; Benjamin Robert Barran vs. State of Texas; Trial Court No(s). 1401264;

Dear Mr. Barran:

Enclosed is a copy of the "*Anders* Brief" I filed on your behalf. I could not advance any arguable grounds for a reversal of your conviction. Please be advised that you have a right to review the records yourself and to submit a *Pro Se* Brief on your own behalf.

A *pro se* brief means a brief you file on your own behalf. Because I could not find any errors which I could urge to overturn your conviction, you have the right to examine the trial records and write a brief yourself, if you are able to find any errors.

If you want to review the appellate record and file a *Pro Se* Brief on your own behalf, I have enclosed a courtesy "Pro Se Motion for Access to the Appellate Record." Please sign, date, and file the original and two (2) copies of the motion with the Fourteenth Court of Appeals, 301 Fannin, Suite 245, Houston, Texas 77002, within ten (10) days from receipt of this letter.

Also, I have requested a (60) day extension of time with the Fourteenth Court of Appeals for you to have time to prepare and file a *Pro Se* Brief, should you choose to do so. An original and one (1) copy of the *Pro Se* Brief must be filed with the Fourteenth Court of Appeals, 301 Fannin, Suite 245, Houston, Texas 77002.

In the event that the Fourteenth Court of Appeals affirms your conviction, please be advised that you have the right to submit a Petition for Discretionary Review by the Court of Criminal Appeals on your own behalf, or to retain other counsel for that purpose. I have attached a copy of Rule 68 pertaining to the Petition for Discretionary Review. You must file the petition thirty (30) days from the date the opinion was rendered. **An original and eleven (11) copies of the petition must be filed with the Court of Criminal Appeals, P.O. Box 12308, Austin, Texas**. Please be advised that a copy of the Opinion must be attached to the original and to each copy of the petition for discretionary review.

Mr. Benjamin R. Barran
Page 02
July 13, 2015

---

I have also filed a motion to withdraw as the attorney of record.  Until the Court of Appeals grants this motion, I remain your attorney.

Very truly yours,

*/s/ Allen C. Isbell*
Allen C. Isbell

ACI/mr
ENCLS.:
     (1) Brief in Support of the Motion to Withdraw from Frivolous Appeal, (2) Motion to Withdraw from Frivolous Appeal, (3) Appellant's *Pro Se* Motion for Access to Appellate Record, (4) Motion for Extension of Time for filing Pro Se Brief, (5) *T.R.A.P.*, Rule 68.

cc:    Fourteenth Court of Appeals